## STATUTE OF LIMITATIONS AS TO STREET ASSESSMENTS.

Court of Insolvency of Hamilton County.

### CAROLINE V. BELL v. CITY OF CINCINNATI.

Decided, January, 1908.

*Assessments—For Street Improvement—Application of the Statute of Limitations—Certificate by Auditor—Injunction.*

An injunction restraining the certification of assessments to the county auditor, under Section 2297, Revised Statutes, operates to suspend the power to so certify *only* for the time the injunction is in force, and the period which may have elapsed in which the certification could have been made prior to the granting of the injunction must enter into the computation in determining whether the two years limitation has expired.

WARNER, J.

The petition seeks to enjoin all assessments against the property of plaintiff situated on Washington avenue levied to pay the costs of an improvement of said avenue from Warsaw Pike to West Eighth street. One ground for the relief sought is "that more than two years elapsed after the time said assessment, and all parts thereof, became payable, before the same or any part thereof was certified to the auditor of Hamilton county for collection."

The defendant pleads by answer the statute of limitations. It appears that the assessments became due on the 3d day of February in each year, from 1887 to 1896, inclusive, and were all certified to the auditor of Hamilton county, on the 15th day of May, 1905. As this action was duly commenced on May 20th, 1905, it is apparent that it was begun in time to obtain relief for the reasons stated, if they proved to be true.

The only other ground for relief relied upon by the plaintiff on trial was, "that the amount of said assessment was and is greatly in excess of twenty-five per cent. of the value of said property."

As to this ground the court is of the opinion that the statute of limitations is a bar. About eighteen years elapsed from the

passage of the assessing ordinance to the filing of the petition herein. A suit in the superior court was instituted December 20th, 1890, by plaintiff herein attacking the validity of said assessment, and one of the grounds therein set up was the same as the one now under consideration. The superior court suit was dismissed without prejudice by the court on its own motion on January 30th, 1904. This was a dismissal not on the merits, and under Section 4991, Revised Statutes, the plaintiff could have brought another action within one year after such dismissal; but not having done so she is finally barred as to the causes of action litigated in said superior court case.

It is claimed that this suit is in its nature one to quiet title and so not affected by the statute of limitations, but this contention can not be sustained under well established principles of law. While this suit might quiet title in some general sense, it is not in form or substance anything but an action to enjoin collection of said assessment on the grounds mentioned. The question upon the matter of certification must be determined under Section 2297, Revised Statutes, which provides that the assessment lien shall continue two years from the time the assessment is payable and no longer, unless certified as therein stated or suit brought to enforce lien. No such suit was brought, and no certification was made until May 15th, 1905. The first annual assessment was payable February 3d, 1887, and the other nine at yearly intervals thereafter. The injunction in the superior court case suspended certification from December 20th, 1890, to January 30th, 1904. The dissolution of said injunction did not give the full time of two years thereafter to make certification, except as to such assessments as became payable after said injunction was granted.

It follows that the first four assessments payable on February 3d, in the years 1887, 1888, 1889 and 1890, were not certified in time to the auditor of the county, whereby the lien thereof was finally lost. The collection of these installments must be perpetually enjoined. The other six were duly certified.

The city by cross-petition seeks to recover a personal judgment against the plaintiff for all ten assessments with penalties

and interest, to which action the plaintiff pleads the statute of limitation. The plea of said statute must be sustained. It is settled in this state that such action must be brought within six years from the time when payment became due. *Hartman* v. *Hunter, Treasurer*, 56 O. S., 175, and cases cited in opinion of Judge Shauck.

Decree accordingly.